# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NUMBER 1:15CV713

| | |
|---|---|
| JULIÁN OLIVARES,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO ET AL.,<br><br>        Defendants. | **DEFENDANTS UNIVERSITY OF CHICAGO, MARGARET R. GREER, AND ELIZABETH RHODES'S ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants the University of Chicago, Professor Margaret R. Greer, and Professor Elizabeth Rhodes respectfully submit this Answer to Plaintiff's Third Amended Complaint ("TAC").

## I. JURISDICTION AND VENUE

1. Defendants admit that the TAC purports to state claims for copyright infringement. Defendants admit that the United States District Court for the Middle District of North Carolina has subject-matter jurisdiction over all claims pleaded in the TAC. The remaining allegations of this Paragraph constitute statements of law, to which no response is required. To the extent a response is deemed required, the remaining allegations of this Paragraph are denied.

2. Defendants admit that venue is proper in the United States District Court for the Middle District of North Carolina. Defendants deny any remaining allegations of this paragraph.

## II. PARTIES

3. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

4. Defendants admit that the University of Chicago is a private university, and that the University of Chicago has been served in this matter. Defendants deny the remaining allegations of this paragraph.

5. Denied.

6. Defendants admit that Margaret R. Greer is an individual, and that Professor Greer has been served in this matter. Defendants deny the remaining allegations of this paragraph.

7. Defendants admit that Elizabeth Rhodes is an individual, and that Professor Rhodes has been served in this matter. Defendants deny the remaining allegations of this paragraph.

## III. BACKGROUND FACTS

8. Defendants are without knowledge or information sufficient to admit or deny the allegations of the fourth sentence of this paragraph, and on that basis deny them. Defendants deny the remaining allegations of this paragraph.

9. Defendants admit that Plaintiff is identified as the editor in an edition of *Novelas amorosas y ejemplares*, by María de Zayas y Sotomayor published in 2000. Defendants admit that the 2010 edition identifying Plaintiff as its editor contains a copyright notice identifying the copyright holder as "Ediciones Cátedra (Grupo Anaya,

S.A.)." Defendants are without knowledge or information sufficient to admit or deny the remaining factual allegations of this paragraph, and on that basis deny them. The remaining allegations of this Paragraph constitute statements of law, to which no response is required. To the extent a response is deemed required, the remaining allegations of this Paragraph are denied.

10. Defendants admit that the effective date of the copyright registration for the 2000 edition of *Novelas amorosas y ejemplares*, by María de Zayas y Sotomayor is November 14, 2014. Defendants deny the remaining allegations of this paragraph.

11. Denied.

12. Defendants admit that Greer and Rhodes translated and the University of Chicago published the book "María de Zayas y Sotomayor, Exemplary Tales of Love and Tales of Disillusion." Defendants deny the remaining allegations of this paragraph.

13. Defendants admit that the quoted text appears in their book. Defendants deny the remaining allegations of this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Defendants admit that Exhibit 1 to the original Complaint, ECF No. 1-1 through 1-6, is a copy of the 2010 edition *Novelas amorosas y ejemplares*, by María de Zayas y Sotomayor that identifies Plaintiff as its editor. Defendants admit that the book "María de Zayas y Sotomayor, Exemplary Tales of Love and Tales of Disillusion" bears

3

ISBN 0226768651 and is available for purchase at the cited Amazon.com URL. Defendants deny the remaining allegations of this paragraph.

## IV. FIRST CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

### A. Under 17 U.S.C. §§ 101 et seq.

18. In response to Plaintiff's incorporation by reference, Defendants incorporate by reference their responses to each of those allegations.

19. Denied.

20. Denied.

21. Denied.

22. Defendants admit that Plaintiff demands an accounting, but deny that Plaintiff is entitled to an accounting. Defendants deny any remaining allegations of this paragraph.

23. The allegations of this paragraph relate to a request that has been stricken by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

24. Denied.

25. The allegations of this paragraph relate to a request that has been stricken by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

26. Denied.

### B. Under the Copyright Laws of Foreign Countries

27. In response to Plaintiff's incorporation by reference, Defendants

4

incorporate by reference their responses to each of those allegations.

28. Denied.

29. Denied.

30. Denied.

31. Defendants admit that Plaintiff demands an accounting, but deny that Plaintiff is entitled to an accounting. Defendants deny any remaining allegations of this paragraph.

32. The allegations of this paragraph relate to a request that has been stricken by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

33. Denied.

34. The allegations of this paragraph relate to a request that has been stricken by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

35. Denied.

**V. SECOND CLAIM FOR RELIEF: VIOLATIONS OF UNIVERSAL COPYRIGHT CONVENTION**

36. In response to Plaintiff's incorporation by reference, Defendants incorporate by reference their responses to each of those allegations.

37. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

38. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

39. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

40. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

41. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

42. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

43. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

44. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

## VI. UNJUST ENRICHMENT

45. In response to Plaintiff's incorporation by reference, Defendants incorporate by reference their responses to each of those allegations.

46. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

47. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

48. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

49. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

50. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

## VII. FOURTH CLAIM FOR RELIEF: MONEY HAD AND RECEIVED

51. In response to Plaintiff's incorporation by reference, Defendants incorporate by reference their responses to each of those allegations.

52. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

53. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

54. The allegations of this paragraph relate to a claim that has been dismissed by the Court's Order, ECF No. 114. For that reason, no response to this paragraph is required. To the extent a response is deemed required, the allegations are denied.

## VIII. DISCOVERY OF CAUSES OF ACTION

55. Denied.

## IX. JURY TRIAL DEMAND

Defendants request a trial by jury on all issues so triable.

## X. RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## XI. DEFENSES

For its defenses, without any admission as to the burden of proof on such defenses, Defendants plead as follows:

1. The TAC fails to state a claim on which relief can be granted.

2. Defendants did not copy any original authorship of Plaintiff.

3. Plaintiff does not own copyright in the material as to which he claims

8

Case 1:15-cv-00713-LCB-JLW   Document 115   Filed 10/17/16   Page 8 of 11

copyright infringement. For example, the copyright in that material, to the extent any copyright exists, is owned by Ediciones Cátedra (Grupo Anaya S.A.).

4. Some or all of the material which Plaintiff alleges to have been copied is not the original authorship of Plaintiff. For example, Plaintiff's book reproduces material written by María de Zayas y Sotomayor.

5. Some or all of the material which Plaintiff alleges to have been copied does not support a claim for copyright infringement because it constitutes "scènes a faire."

6. The claimed copyright infringement is de minimis.

7. To the extent there is copying of copyrightable expression from the Olivares Work into the Greer/Rhodes Work, that copying constitutes fair use, for example because the Greer/Rhodes Work was created primarily for a nonprofit educational purpose, the Greer/Rhodes work is a transformative work with respect to the Olivares Work, the Olivares Work is an attempt to faithfully reproduce the public-domain text written by Maria de Zayas y Sotomayor, the similarities between the Greer/Rhodes Work and the Olivares Work represent a quantitatively and qualitatively small portion of any copyrightable expression in the Olivares Work, and the creation and publication of the Greer/Rhodes Work has had no negative effect on the market for or value of the Olivares Work.

8. The alleged acts of copyright infringement were expressly licensed by Plaintiff. For example, when Defendant Rhodes informed Plaintiff about the project that is the subject of Plaintiff's allegations of copyright infringement, Plaintiff instructed

9

Defendant Rhodes to use the updated version of his edition in engaging in that project.

9. The alleged acts of copyright infringement were impliedly licensed by Plaintiff. For example, Defendant Greer and Defendant Rhodes both had numerous communications with Plaintiff making him aware of the project that is the subject of Plaintiff's allegations of copyright infringement, and Plaintiff by his conduct indicated his approval of the use of his edition during the course of that project.

10. Plaintiff's claims are limited by the three-year statute of limitations contained in 17 U.S.C. § 507(b).

Dated: October 17, 2016

By: /s/ C. Scott Meyers
Dixie T. Wells
N.C. State Bar No. 26816
C. Scott Meyers
N.C. State Bar No. 30651
ELLIS & WINTERS LLP
300 N. Greene Street, Ste. 800
Greensboro, NC 27401
Telephone: (336) 217-4197
Facsimile: (336) 217-4198
E-mail: dixie.wells@elliswinters.com
E-mail: scott.meyers@elliswinters.com

By: Joseph C. Gratz
Ragesh K. Tangri (*Special Admission*)
Joseph C. Gratz (*Special Admission*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
E-mail: rtangri@durietangri.com
E-mail: jgratz@durietangri.com

*Attorneys for Defendants*
*University of Chicago, Margaret R.*
*Greer, and Elizabeth Rhodes*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2016, I electronically filed the foregoing Answer to Third Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ C. Scott Meyers
C. Scott Meyers

*Attorney for Defendants*
*University of Chicago, Margaret R.*
*Greer, and Elizabeth Rhodes*